```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X
ROBERTO GARCIA,

                  Petitioner,           MEMORANDUM AND ORDER

    -against-                            CV 09-1122
                                          (CR 05-315-1)
UNITED STATES OF AMERICA,                (Wexler, J.)

                  Respondent.
-------------------------------------------------------X
APPEARANCES

        ROBERTO GARCIA
        Petitioner Pro Se
        Federal Correctional Institution
        Unit Tenn – A
        P.O. Box 34550
        Memphis, Tennessee 38184

        BENTON J. CAMPBELL, UNITED STATES ATTORNEY
        BY: RICHARD P. DONOGHUE, ASSISTANT UNITED STATES ATTORNEY
        Attorney for Respondent
        610 Federal Plaza
        Central Islip, New York  11722
```

WEXLER, District Judge

Petitioner Roberto Garcia ("Garcia") brings this motion to vacate his conviction and sentence pursuant to 28 U.S.C. § 2255 on the grounds that he is "actually and factually innocent of the adjudicated crime for which he involuntarily and unknowingly entered a plea of guilty." Emergency Motion to Vacate, Set Aside Conviction Premise on Actual and Factually Innocent Claim, at 1 (emphasis and quotations omitted). The government opposes the petition.

As the government recounts, Garcia pled guilty to Count Two of his two-count indictment, which count charged him with Possessing a Firearm in Furtherance of a Crime of Violence, in violation of 18 U.S.C. §§ 2 and 924(c). Garcia entered his plea pursuant to a plea

agreement with the government, in which he stipulated to certain facts underlying the charged crime and in which he waived the right to appeal or otherwise challenge the conviction or sentence provided "the Court imposes a term of imprisonment of 60 months or less." Plea Agreement ¶ 4. On September 13, 2005, Garcia pled guilty with the assistance of counsel, after completing a plea form provided by the Court. In entering his guilty plea, Garcia acknowledged, under oath, that he was pleading voluntarily and fully understood his rights and the elements of the charged offense, and he admitted, inter alia, that he and fellow MS-13 members traveled around Long Island on the night of August 30, 2003 carrying a loaded .38 caliber Smith and Wesson revolver with the goal of shooting members of rival gangs – essentially the same facts he previously admitted in his plea agreement, id. ¶ 1. In the plea form, Garcia acknowledged that he was pleading guilty voluntarily. The Court sentenced Garcia to 60 months' imprisonment. The government argues that the petition must be dismissed because (1) it is time-barred; (2) Garcia knowingly and voluntarily entered his guilty plea; and (3) Garcia's claim of actual innocence is belied by the record.

Upon consideration, the Court agrees with the government that the petition must be dismissed. First, the petition is time-barred since it was brought more than two years after his conviction became final, well past the one-year limitation period of 28 U.S.C. § 2255(f). Second, Garcia knowingly and voluntarily waived his right to appeal a sentence within the guideline range (as was imposed by the Court), which waiver applies equally to a petition under § 2255. See United States v. Pipitone, 67 F.3d 34, 39 (2d Cir. 1995). Third, Garcia's claim of innocence is belied by the record, which demonstrates that Garcia knowingly and voluntarily admitted to facts and circumstances clearly sufficient to support his conviction of the crime

charged.

Accordingly, the petition is dismissed and the Clerk of Court is directed to close the file.

SO ORDERED.

                                                            _____/s/_____
                                                          LEONARD D. WEXLER
                                                          UNITED STATES DISTRICT JUDGE

Dated: Central Islip, New York
        March 3, 2010